**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

FEB - 5 2020

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 1:20-CR 12 **BY** DEPUTY_____ |
| | § | Judge: Crone - Hawthorn |
| DAVID NATHAN TAYLOR (1) | § | |
| PRENTIS LEEWOOD DELANEY (2) | § | |
| CORAY QUAN BROWN (3) | § | |
| JAMARIUS EARL JONES (4) | § | |

## INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### Count One

Violation: 18 U.S.C. §§ 1951, and 2
(Attempted Hobbs Act Robbery)

On or about January 13, 2020, in Jefferson County, Texas, in the Eastern District

of Texas, **David Nathan Taylor**, **Prentis Leewood Delaney**, **Coray Quan Brown**, and

**Jamarius Earl Jones**, defendants, aided and abetted by each other and others known and

unknown to the grand jury, did unlawfully obstruct, delay, and affect commerce as that

term is defined in 18 U.S.C. § 1951, and the movement of articles and commodities in

commerce, by robbery, as that term is defined in 18 U.S.C. § 1951, in that the defendants

did attempt to unlawfully take personal property consisting of U.S. currency, from the

person and in the presence of O.L., a Brinks employee, against her will by means of

actual and threatened force, violence, and fear of immediate and future injury to her

1

person, while the employee engaged in commercial activities as an employee of the

Brinks Company, a business that was engaged in and affects interstate commerce.

In violation of 18 U.S.C. § 1951 and 18 U.S.C. § 2.

## Count Two

Violation: 18 U.S.C. § 924(c) and 2
(Use or Carry of a firearm during and in
Relation to, a Crime of Violence)

On or about January 13, 2020, in Jefferson County, Texas, in the Eastern District

of Texas, Defendants **David Nathan Taylor**, **Prentis Leewood Delaney**, and **Jamarius**

**Earl Jones**, aiding and abetting each other, knowingly used, carried, brandished, and

discharged a firearm, to wit: a F.M. Products, Model FM-98, 9mm, pistol bearing serial

number FMB02724; a Santan Tactical STT-15 .223 caliber rifle, bearing serial number

00354; and a FNH USA 5.7 x 28 caliber pistol, bearing serial number 386213112, during

and in relation to a crime of violence for which they may be prosecuted in a court of the

United States, that is, attempted interference with interstate commerce by robbery, in

violation of Title 18, United States Code, Section 1951(a), as charged in Count One of

this Indictment.

In violation of Title 18 U.S.C. §§ 924(c) and 2.

**Firearms Forfeiture Allegation**
(18 U.S.C. § 924(d)(1), 19 U.S.C. 981(a)(1)(c) & 28 U.S.C. § 2461(c))

1.      The allegations contained in Counts One and Two of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 924(d)(1), 19 U.S.C. 981(a)(1)(c) and Title 28, United States Code, Section 2461(c).

2.      Upon conviction of the offenses in violation of Title 18, United States Code, Sections 1951 and 924(c) set forth in Counts One and Two of this Indictment, the defendants, **David Nathan Taylor**, **Prentis Leewood Delaney**, and **Jamarius Earl Jones**, shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in the commission of the offense, including, but not limited to:

> a. a F.M. Products, Model FM-98, 9mm, pistol bearing serial number FMB02724;
>
> b. a Santan Tactical STT-15 .223 caliber rifle, bearing serial number 00354;
>
> c. a FNH USA 5.7 x 28 caliber pistol, bearing serial number 386213112

3.      If any of the property described above, as a result of any act or omission of the defendant:

> a.      cannot be located upon the exercise of due diligence;
>
> b.      has been transferred or sold to, or deposited with, a third party;
>
> c.      has been placed beyond the jurisdiction of the court;

3

    d.      has been substantially diminished in value; or

    e.      has been commingled with other property which cannot be divided

without difficulty,

The United States of America shall be entitled to forfeiture of substitute property

pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28,

United States Code, Section 2461(c), and 19 U.S.C. 981(a)(1)(c).

All pursuant to 18 U.S.C. § 924(d)(1), 19 U.S.C. 981(a)(1)(c) and 28 U.S.C. § 2461(c).

A TRUE BILL

_____
GRAND JURY FOREPERSON

JOSPEH D. BROWN
UNITED STATES ATTORNEY

_____      2/5/20
RUSSELL E. JAMES           Date
Assistant United States Attorney

4

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| v. | § | NO. 1:20-CR- *12* |
| | § | |
| DAVID NATHAN TAYLOR (1) | § | |
| PRENTIS LEEWOOD DELANEY (2) | § | |
| CORAY QUAN BROWN (3) | § | |
| JAMARIUS EARL JONES (4) | § | |

## NOTICE OF PENALTY

### Count One

Violation:            18 U.S.C. § 1951

Penalty:              Imprisonment of not more than twenty (20) years, a
fine not to exceed $250,000, or twice the pecuniary
loss to the victim or gain to the defendant, or both
imprisonment and a fine, and a term of supervised
release of not more than three (3) years.

Special Assessment:   $100.00

### Count Two

Violation:            18 U.S.C. § 924(c)(1)(A)(iii)

Penalty:              Imprisonment of not less than five (5) years that must
be served consecutively to any other term of
imprisonment, a fine not to exceed $250,000, or twice
the pecuniary loss to the victim or gain to the
defendant, or both imprisonment and a fine, and
supervised release of not more than five (5) years.

Special Assessment:   $100.00